RODNEY G. SNOW (A3028)
NEIL A. KAPLAN (A3974)
CLYDE, SNOW, SESSIONS &
SWENSON
201 South Main, Suite 1100
Salt Lake City, UT 84111
Telephone:  (801) 322-2516

*Attorneys for Defendant ClearOne
Cmmunications, Inc.*

MILO STEVEN MARSDEN (A4879)
BENDINGER, CROCKETT,
  PETERSON & CASEY
170 South Main, Suite 400
Suite 400
Salt Lake City, UT 84111
Telephone:  (801) 533-8383

*Attorneys for Defendant Susie Strohm*

MAX D. WHEELER (A3439)
RICHARD A. VAN WAGONER (A4690)
SNOW, CHRISTENSEN & MARTINEAU
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake city, Utah  84145-5000
Telephone:  (801) 521-9000

*Attorneys for Defendant Frances M. Flood*

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) | **MEMORANDUM IN OPPOSITION TO MOTION FOR PRECLUSION ORDER** |
| Plaintiff, ) | |
| vs. ) | Civil No.: 2:03 CV 0055 DAK |
| CLEARONE COMMUNICATIONS, INC., ) FRANCES M. FLOOD, AND SUSIE STROHM, ) | Honorable Dale A. Kimball |
| Defendants. ) | |

---

Defendants, ClearOne Communications, Inc. ("ClearOne"), Frances M. Flood ("Flood"),

and Susie Strohm ("Strohm") (collectively the "Defendants"), by and through their counsel of

record, respectfully submit this Memorandum in Opposition to the Securities & Exchange

Commission's (the "SEC") Motion for a Preclusion Order (the "Motion").  For the reasons

described below, the Motion should be denied.

## ARGUMENT

The SEC's Motion is yet another example of the SEC's overzealousness in its rush to

judgement in this case.  The SEC makes the serious and unsupported allegation that Defendants

have "deliberately concealed [documents] from the Commission."  Plaintiff's Memo. Supp. Mot.

for Preclusion, p. 3.  Since the Court ordered an expedited discovery and briefing schedule on

February 3, 2003, the Defendants have produced approximately 200,000 pages of documents to

the SEC, of which over 110,000 have been Bates numbered.  See summary of documents

produced to the SEC, attached hereto as Exhibit "A."[1]  Additionally, another approximately

35,000 documents have been produced pursuant to the SEC's third party subpoenas.  Included in

this additional 35,000 or so documents are twelve banker boxes of documents produced to the

SEC by Ernst and Young, ClearOne's outside auditors-- documents which are on the Defendant's

Exhibit List and the SEC now complains it did not receive.  Although the production has not

been perfect, given the time constraints and the expedited nature of the proceedings to this far,

Defendants have, in good faith, attempted to fully comply with the SEC's document requests.

The Motion itself should serve as evidence that this matter should be put on a traditional track

---

[1]        It should be noted that the SEC has produced less than 1,000 pages of documents, all of which
were gathered in its "investigation" of ClearOne prior to the filing of the complaint in January.

and the parties given an opportunity to conduct discovery and allow the parities, and especially the SEC, to review what has been produced.[2]

Even a cursory review of the SEC's Exhibit A to their Motion purportedly listing documents that have not been produced reveals that its Motion is without merit. Despite the SEC's protestations, no documents were concealed. For example, the first page of documents allegedly concealed by Defendants are mostly documents produced by Ernst and Young to the SEC.[3] See transmittal letters from Ernst & Young identifying documents produced to the SEC, copies of which are attached hereto as Exhibit "B." The transmittal letters show that the twelve boxes of document relating to Ernst and Young's audit, which documents the SEC now seeks to preclude the defendants from using, were produced to the SEC in mid-February. In fact, the SEC's expert, Alan V. Funk, states in his expert report (p. 7) that he had read, analyzed, and considered those very documents from Ernst & Young when preparing his expert report. Clearly, the Defendants should not be precluded from using evidence in the SEC's possession merely because the SEC has chosen not to review subpoenaed materials or does not know what it has in its possession.

Similarly, a quick review of just the first few documents listed on the second page of the SEC's allegedly "concealed" exhibits shows that they have also been produced. For example, the MCSI file consists of documents produced to the SEC by Defendant Strohm (Bates number

---

[2]   It is not surprising that the authority cited by the SEC, much of it unpublished, does not address discovery pursuant to an expedited discovery order and is distinguishable on that ground alone.

[3]   The other documents allegedly "concealed" from the SEC includes a document entitled "Distribution Expectations– All Distributors." This document (Bates numbered ClearOne 0007530-31, TIMM007673-75 and VSO000771-712), in fact, was produced to the SEC on three separate occasions. The other document "concealed" from the SEC is a ClearOne Q1 FY01 10-Q, which, of course, is a public document filed with the SEC and is easily obtainable from the internet.

-3-

Strohm 00272) and by ClearOne (ClearOne 0007787). The Polycomm Press Release is a public record that the Defendants downloaded from the internet. The Remley to Morrison email dated 4/25/02 (re:Bundles) is Bates numbered TIMM00241 and was produced on February 12, 2003. Similarly, Morrison to Strohm (TIMM000514), Agricola to Morrison (TIMM 0005017) and the Morrison to Agricola (ClearOne0007409 and TIMM0005022) were similarly produced at least by February 12, 2003. Due to the fact that the SEC filed the Motion at the close of business on Friday, February 28, 2003, prior to the Preliminary Injunction hearing on Monday, March 3, 2003, and that Defendants are preparing for the hearing, a full analysis of when each of the documents allegedly "concealed" were produced to the SEC has not be completed. However, as is clear from the sampling that Defendants performed in response to the Motion, Defendants believe that all documents have been produced.

Nevertheless, on Thursday, February 27, 2003, the day also that Defendants' Memoranda in Opposition to the Preliminary Injunction Motion were due, the SEC's counsel contacted ClearOne's counsel requesting documents from Defendants' Exhibit List that the SEC could not locate. While believing that all documents had been previously produced, ClearOne's counsel, out of an abundance of caution, hand-delivered to the SEC the exhibits that were not specifically identified by Bates number on Defendants' Exhibit List. See correspondence to K. Martinez from W. Romney, dated February 28, 2003, a copy of which is attached hereto as Exhibit "C." Finally, on Friday, February 28, 2003, the Defendants' agreed to provide the SEC a copy of all of their exhibits, pre-marked, as soon as they were back from the copy service.[4] On Saturday, March 1, 2003, the copies were completed and the SEC was contacted directly by the copy

---

[4]     Of course, the SEC did not provide, nor did they offer, a completely marked set of their exhibits.

service to arrange for pick-up of its set.  The SEC's accusation that "[n]ot only have [the

Defendants] concealed these documents, but they have refused to turn them over to the

Commission, even after the Commission requested them (SEC Memo., p. 3)" is disingenuous at

best.

      The record in this case shows that the SEC, after requesting discovery on an expedited

basis, simply has not taken the time to become familiar with what has been produced.  For

example, at the deposition of Frances Flood on February 20, 2003, counsel for the SEC, Mr.

Melton, was "positive" that the Defendants' had not "shared [ ] with [the SEC]" a certain email

discussed in the deposition.  See Deposition of Frances Flood, dated February 20, 2003

("Frances Dep."), p. 100:18-101:10, relevant portions of which are attached hereto as Exhibit

"D."  In fact, Mr. Melton was emphatic: "I am telling you, we have not– it's not been produced to

us as of today."  Id.  Later in the deposition, however, when Defendant Flood's counsel, Max

Wheeler, supplied the Bates stamp number of the document, Mr. Melton admitted that the SEC

had found the document in documents previously produced by the defendants. See id., p. 177:7-

25.  The colloquy between the attorneys, illustrates the difficulties of an expedited discovery

plan:

               Mr. Wheeler: Maybe we out [sic] to put on the record so we have a
               clarification that the e-mail that you said you didn't have, I
               understand you have now.

               Mr. Melton: Sure.  We found it.

               Mr. Wheeler: It was in a different package or something.

               Mr. Melton: It was in a box marked ClearOne NASDAQ, and not
               in the normal Bates range that was produced to us on Saturday.  So
               we apparently have the e-mail.  I haven't had a chance to review it.

Mr. Wheeler: Wouldn't surprise me if some things have fallen
through the cracks.  We've done this very quickly.  If there's
anything else, just let us know and we'll find it.

Mr. Melton: Thank you for getting us those Bates numbers.

Id.  Indeed, on the few occasions when something has "fallen through the cracks," Defendants

have promptly responded to the SEC's requests, even though under other time constraints due to

the expedited discovery urged by the SEC (e.g., while Defendants were preparing to file their

opposition memoranda).

**CONCLUSION**

The SEC once again comes before this Court making allegations against the Defendants

and asking for relief without conducting a simple investigation into the facts.  When the SEC

moved for expedited discovery, it should have realized that discovery would not be as smooth as

if it was conducted over a period of months.  Defendants have in good faith attempted to provide,

in a timely manner, everything the SEC has requested.  After all, the Defendants have nothing to

hide.

The Defendants, therefore, respectfully request that the SEC's Motion for Preclusion

Order be denied.

DATED this 3[th] day of March, 2003.

**CLYDE, SNOW, SESSIONS**
**& SWENSON**


*Attorneys for Defendant ClearOne*
*Communications, Inc.*

**BENDINGER, CROCKETT,**
**PETERSON  & CASEY**


*Attorneys for Defendant*
*  Susie Strohm*


**SNOW, CHRISTENSEN &**
**MARTINEAU**


*Attorneys for Defendant Frances M. Flood*

-7-

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was hand delivered on the

3rd  day of March, 2003, to the following:

Thomas M. Melton
Karen L. Martinez
SECURITIES AND EXCHANGE COMMISSION
50 South Main Street, Suite 500
Salt Lake City, UT 84144

-8-

# Exhibits/ Attachments to this document have **not** been scanned.

# Please see the case file.